**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

**February 1, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**LYNDALL W. DUNN,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0578** (BOR Appeal No. 2044941)
                    (Claim No. 2009078062)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PINNACLE MINING CO., LLC,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Lyndall W. Dunn, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pinnacle Mining Co., LLC, by H. Dill Battle, III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 2, 2011, in which the Board affirmed an August 9, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's denial of a request for additional permanent partial disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the petition, and the case is mature for consideration.

Having considered the petition and the relevant decision of the lower tribunal, the Court is of the opinion that the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court determines that there is no prejudicial error. This case does not present a new or significant question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Dunn worked in coal mines for 41 years and received an award of 1% permanent partial disability in February of 2005 based on his injuries up to that point. He stopped working as a coal miner in November of 2005. In March of 2009, the claims administrator granted compensability for a second report of hearing loss. In April of 2009, Dr. P.C. Corro, conducted an independent medical examination of Mr. Dunn and found that his impairment due to occupational noise was less than his already-awarded 1%. While Mr. Dunn's hearing loss suggested a 5.126% impairment, the pattern of hearing loss suggested that much of the impairment was not due to occupational noise. He adjusted his impairment rating to 0.7315%. In December of 2009, Dr. David Harris reported that Mr. Dunn had a 9.074% impairment, based on an April of 2009 audiogram. In May of 2010, Dr. R. Austin Wallace conducted an independent medical evaluation of Mr. Dunn, examining several audiograms from 2004 to 2010. Dr. Wallace found that the Mr. Dunn had been adequately compensated by his previous 1% award and that part of Mr. Dunn's impairment was due to causes other than noise exposure in the work place, including a diagnosis of cochlear lymphatic drops.

Occupational noise induced hearing loss typically starts in the high frequencies, with lesser impact on lower frequencies and typically affects both ears. West Virginia Code of State Rules § 85-20-47.8-47.9. When an injured worker has impacts that do not show greater hearing loss at the higher registers than lower, or if the hearing loss is asymmetric, the evaluating physician should consider all causes for hearing loss, including nonoccupational noise, trauma, or disease. *Id.* Drs. Corro and Wallace each found that part of Mr. Dunn's hearing loss was attributable to causes other than occupational noise based upon his hearing loss on lower frequencies.

Mr. Dunn argues on appeal that Dr. Corro erred when he adjusted the impairment rating due to hearing loss unrelated to the occupational claim. Under West Virginia Code of State Rules § 85-20-47.8, "If the otologist/otolaryngologist determines that an injured worker's hearing loss is not all noise induced hearing loss, he or she should estimate the true noise induced hearing loss thresholds and explain his or her calculations on the basis of medical and audiological findings." *Id.* Mr. Dunn argues that Dr. Corro did not adequately explain his adjustment from 5.126% to 0.7315%. He further argues that Dr. Wallace's assessment should be disregarded as unreliable because it made a finding of cochlear lymphatic drops that was not made by Drs. Corro or Harris. The Office of Judges and Board of Review found that Dr. Wallace's report was the most detailed and thorough and it is the most persuasive and convincing.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 1, 2013**


**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II